IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC R. FRY, | : |
|         Petitioner, | : |
| v. | : Civil Action No. 24-466-CFC |
| PHIL PARKER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|         Respondents. | : |

## MEMORANDUM

*Pro se* petitioner Eric R. Fry ("Petitioner") filed in this Court a Delaware Superior Court form application titled "Petition for a Writ of Habeas Corpus" ("Petition"), which triggered the opening of the instant habeas proceeding. (D.I. 1) The Petition does not clearly indicate whether Petitioner is challenging a Delaware state court conviction or his pre-trial custody for a pending Delaware criminal proceeding.

As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds, a federal court cannot exercise jurisdiction at the pre-trial stage without

exhaustion of state remedies, unless extraordinary circumstances are presented. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

The instant Petition does not provide the information required in a habeas proceeding, such as the date of the judgment (if any) Petitioner is challenging, any explanation of the claims Petitioner wishes to pursue or, most importantly, whether Petitioner exhausted state remedies for potential claims raised therein. Accordingly, the Court will summarily dismiss the Petition without prejudice for failure to exhaust remedies.[1] *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing a district court to summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."). The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir.

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment of conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner is responsible for determining the events that trigger and toll the limitations period.

L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.


Dated: August 23, 2024

_____
Colm F. Connolly
Chief Judge